IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 08-CR-00507-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERNARDO RODRIGUEZ,

Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on December 9, 2008. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the proffer by defendant and the arguments by counsel. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the

following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial investigation report and the entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, I find that the defendant has been charged in the Indictment in count one with Felon in Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) and in count two with Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1).

Second, I find that probable cause exists that the defendant committed the charged offenses based upon the Indictment.

Third, I find the defendant has a lengthy criminal history. Defendant's juvenile and adult criminal history begins at age 14 to the present. As a juvenile, defendant has been adjudicated as a juvenile delinquent for Theft Receiving $100 to $500, First Degree Trespass of an Auto with Intent to Steal (class felony five if committed by an adult), Theft $100 to $500, and, Riot-Engaging in with Real or Simulated Weapon (class

four felony if committed by an adult).  As an adult, defendant has been convicted of First Degree Trespass of an Auto with Intent to Steal (class felony five), No Insurance-Driver, and Defective Vehicle.  Defendant has one prior failure to appear.  The nature and circumstances of the instant case involves a deadly weapon and ammunition.  Defendant has a history of failing to comply with terms and conditions of probation.  Defendant is presently on probation and appears to have been on probation at the time of the alleged offenses that are currently charged in the Indictment.  Defendant has a pending revocation hearing in his case where he is on probation out of the Weld County District Court under case no. 06-cr-2310.  Defendant's revocation hearing is set before the Weld County District Court on December 15, 2008, at 9:00 a.m.  There is a permanent protective order in place prohibiting the defendant from having any contact with three named persons.  That on April 27, 2007, the defendant tested positive for the presence of THC.

Based upon the above findings, I further find, by a preponderance of the evidence that the defendant is a flight risk and that no condition or combination of conditions of release will reasonably assure the presence of the defendant at future court hearings.  Accordingly, I order defendant detained without bond.

Done this 9th day of December, 2008.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge